UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | ) | CIVIL ACTION NO. 3:19-CV-0067 |
| Plaintiff | ) | |
| | ) | (MANNION, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MARIA CASEY, *et al.*, | ) | |
| Defendants | ) | |

REPORT & RECOMMENDATION

I.   INTRODUCTION

On January 11, 2019, Plaintiff Edward Thomas Kennedy ("Plaintiff") initiated this *pro se* civil rights and RICO action by filing a Complaint, in which he names the following Defendants: Maria Casey, Schuylkill County Clerk of Courts, in her personal capacity and official capacity; and County of Schuylkill Pennsylvania. (Doc. 1).

Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 17). Because he is proceeding *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike"). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

After reviewing Plaintiff's Complaint, I conclude that it fails to state a claim upon which relief may be granted, and that granting further leave to amend would be both futile and inequitable given that Plaintiff is already litigating claims relating to the events that transpired on June 2, 2017, and August 28, 2017 through August 30, 2017—albeit asserted against different defendants—in the Eastern District of Pennsylvania. Accordingly, IT IS RECOMMENDED that Plaintiff's Complaint (Doc. 1) be DISMISSED without further leave to amend, and without prejudice to pursuing claims related to the events that took place on June 2, 2017, and August 28, 2017 through August 30, 2017 in his Eastern District Case, *Kennedy v. Hanna*, 5:18-CV-0977 (E.D. Pa. Mar. 23, 2018).

## II. LEGAL STANDARD FOR SCREENING COMPLAINTS FILED BY LITIGANTS PROCEEDING IN FORMA PAUPERIS

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice

pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise

the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

III. ANALYSIS

Plaintiff alleges the following causes of action in his Complaint:

(1) Trespass on the Case;

(2) violation of the federal RICO statute;

(3) Trespass on the Case-Vicarious Liability;

(4) Failure to Provide a Republican Form of Government;

(5) Intentional Infliction of Emotional Distress;

(6) Negligence; and

(7) Privacy Violations Common Tort Law.

I construe counts two and four of Plaintiff's complaint as federal claims, and counts one, three, five, six, and seven as state law claims.

A. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On January 11 and 12, 2017, criminal complaints alleging harassment charges were filed against Plaintiff in Schuylkill County.[1] *Commonwealth v.*

---

[1] Ruling on Motions to dismiss, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e(c)." *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citing *Oshiver v. Levin,*

*Kennedy,* MJ-21301-CR-0000016-2017 (Magis. Ct., Schuylkill Cty.) (hereinafter *Kennedy I*) *Commonwealth v. Kennedy*, MJ-21201-CR-0000018-2017 (Magis. Ct., Schuylkill Cty.) (hereinafter *Kennedy II*).

On January 13, 2017, certified and first-class summons, and certified and first-class fingerprint orders were issued in connection with the pending harassment charge in Schuylkill County in connection with *Kennedy II*. *Kennedy II*, MJ-21201-CR-0000018-2017. On February 3, 2017, the first-class summons was accepted. *Id.* As of February 8, 2017, the certified summons and fingerprint order were unclaimed. *Id.*

On January 17, 2017, certified and first-class summons, and certified and first-class fingerprint orders were issued in connection with the pending harassment charge in Schuylkill County in connection with *Kennedy I*. *Kennedy I*, MJ-21301-CR-0000016-2017. On February 2, 2017, the first-class summons was accepted. *Id.*

On March 17, 2017, the Schuylkill County Court of Common Pleas issued a bench warrant in connection with *Kennedy I*. *Commonwealth v. Kennedy,* CP-54-CR-0000404-2017 (CCP, Schuylkill Cty.) (hereinafter "*Kennedy III*"). The

---

*Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994)). Therefore, I take judicial notice of the State court criminal dockets associated with this case.

Common Pleas Court docket shows that, as of May 4, 2017, Plaintiff's arraignment notice was not returned. *Id.*

On April 12, 2017, the Schuylkill County Court of Common Pleas issued a bench warrant in connection with *Kennedy II*. *Commonwealth v. Kennedy*, CP-54-0000293-2017 (CCP, Schuylkill Cty.) (hereinafter, *Kennedy IV*). That bench warrant was issued by Judge William E. Baldwin and is attached to Plaintiff's Complaint. (Doc. 1, p. 41). The warrant was issued because Plaintiff failed to appear for a preliminary hearing on February 21, 2017. The Common Pleas Court docket shows that, as of May 4, 2017, Plaintiff's arraignment notice was not returned. *Id.*

On June 2, 2017, Plaintiff alleges that multiple officers surrounded his residence in Breinigsville, Pennsylvania and threatened to arrest him. (Doc. 1, p. 40) (quoting Plaintiff's right to know request for "all police records and documents from an incident that occurred at [Plaintiff's] residence . . . on Friday June 2, 2017," when Plaintiff's home was surrounded by approximately thirty local, county, and state police).

Plaintiff alleges that on August 28, 2017, he was "assaulted and falsely imprisoned by deputy sheriffs with the Lehigh County Sheriff's Department in the parking lot of a Target store. *Kennedy v. Getz*, 2018 WL 4094967 at *1. Plaintiff also alleges that, between August 28, 2017 and August 30, 2017, he was held at the

Lehigh County Jail for some period. *Id.* On August 30, 2017, bail was set, and posted in Schuylkill County in both Common Pleas Court cases. *Kennedy III,* CP-54-0000404-2017; *Kennedy IV,* CP-54-0000293-2017. I infer that Plaintiff was held at Lehigh County Jail and then, at some point, taken to Schuylkill County.

On January 25, 2018, the harassment charges pending before the Common Pleas Court were dismissed under Rule 600 (speedy trial). *Kennedy III,* CP-54-0000404-2017; *Kennedy IV,* CP-54-0000293-2017.

These events inspired Plaintiff to file a flurry of federal lawsuits against various Defendants in both the Eastern and Middle Districts of Pennsylvania. *See In Re Kennedy*, Nos. 19-CV-0163 and 19-CV-0212, 2019 WL 331684 (E.D. Pa. Jan. 25, 2019) (summarizing each lawsuit filed in the Eastern District of Pennsylvania).

As far as I can tell, the first lawsuit related to these events was filed on March 23, 2018, in the Eastern District of Pennsylvania. Complaint, *Kennedy v. Hanna*, 5:18-CV-0977, ECF Doc. No. 3 (E.D. Pa. Mar. 23, 2018). This case is still pending. After filing his first lawsuit, Plaintiff continued to file similar lawsuits, each naming different defendants, in both the Eastern and Middle Districts, despite repeated instruction from the Eastern District that he should seek leave to amend his Complaint in *Kennedy v. Hanna* instead of initiating a new lawsuit. *Kennedy v. Pennsylvania,* No. 18-CV-3374, 2018 WL 4100670 at *3 (E.D. Pa. Aug. 24, 2018)

(dismissing Plaintiff's claims related to the events that took place on June 2, 2017, August 28, 2017 without prejudice to Plaintiff proceeding in Civil Action No. 18-977); *Kennedy v. Getz,* No. 18-CV-3532, 2018 WL 4094967 at *2 (E.D. Pa. Aug. 27, 2018) (dismissing Plaintiff's claims as malicious because Plaintiff, once again, asserted "claims concerning the events of June 2, 2017, August 28, 2017, as well as his incarceration from August 28-30, 2017," which were first asserted in Civil Action 18-977 and are still pending before Judge Jones).

On January 25, 2019, the Eastern District Court issued an order dismissing one of Plaintiff's Complaints as frivolous. *In Re Kennedy*, Nos. 19-CV-0163, 19-CV-0212, 2019 WL 331684 (E.D. Pa. Jan. 25, 2019). In its order, the Court also instructed that, because Plaintiff failed to heed its repeated warnings about duplicative filings, when filing lawsuits in the Eastern District of Pennsylvania Plaintiff is now required to show cause "as to why he should be permitted to file complaints without paying the filing fees in future cases on issues already before the Court or unless he faces imminent danger." *Id.* at *11.

Plaintiff appears to have adopted a similar strategy in the Middle District of Pennsylvania. Although different defendants are named in each case, this case is one of several that Plaintiff has filed related to the events of June 2, 2017, August 28, 2017, and Plaintiff's incarceration from August 28, 2017 through August 30, 2017.

B.  PLAINTIFF'S RICO CLAIM SHOULD BE DISMISSED

Plaintiff alleges that Defendants violated 18 U.S.C. § 1962 of the Racketeer Influenced and Corrupt Organizations ("RICO") statute. This statute makes it unlawful for an individual, who is employed by or associated with an enterprise that is engaged in interstate or foreign commerce, to conduct or participate in the enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). Section 1962(d) prohibits a person from conspiring to violate § 1962. In order to have standing to bring a claim under § 1962, a plaintiff must show that he suffered an injury to his business or property, and that this injury was proximately caused by the defendants' violation of § 1962. *See* 18 U.S.C. § 1964(c); *Maio v. Aetna*, 221 F.3d 472, 483 (3d Cir. 2000). An injury in this context "requires proof of a concrete financial loss and not mere injury to a valuable intangible property interest." *Maio,* 221 F.3d at 483 (internal quotations omitted).

> To state a civil claim for a violation of § 1962, a plaintiff must set forth allegations showing: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004)).

*Galloway v. Kane,* 1:18-CV-00661, 2018 WL 7075295 at *4 (M.D. Pa. Dec. 17, 2018).

In support of his RICO claim, Plaintiff alleges:

>  18. Kennedy sues Defendants in a multi-count cause of action under common law Torts and also under the Racketeer Influenced and Corrupt Organizations Act commonly referred to as RICO Act or simply RICO, a US federal law that provides for extended criminal penalties and a civil cause of action for injuries for acts performed as part of an ongoing criminal organization including RICO violations that includes the following:
>
>     a. The Defendants have systematically and continuously, according to the US government and FBI, over the last twenty-seven (27) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature.
>
>     b. As grounds, therefore beginning in at least 2008 to the present, Defendants misstated, misinformed and filed fake financial records on government websites, supported by official government audits and self-authenticating digital evidence.

(Doc. 1, ¶ 18) (footnotes omitted). Then in a footnote, Plaintiff asserts:

> Former <u>Schyulkill County Civil Clerk of Courts</u> Charged with fraud, Monday July 23, 2018, see link here: https://www.justice.gov/usao-mdpa/pr/former-schuylkill-county-clerk-courts-charged-fraud.
> According to United States Attorney David J. Freed, Lukach served as the Clerk of Courts for **Schuylkill County for approximately 27 years.**
>
> The indictment alleges that in 2013-2014, county auditors with the Controller's office began an in-depthamination [sic] of the Clerk's Office and discovered misappropriation of funds by Lukach. An FBI investigation ensued and while the audit was going on, Lukach allegedly interfered with the audit by stealing mail that was sent to banks, forged records and sent the fake bank records to the Controller's Office, in an effort to conceal his thefts.

(Doc. 1, p. 8 n.12) (emphasis in original).

As an initial matter, Plaintiff has not shown that he has standing to bring a RICO claim. It is not clear what concrete financial loss, if any, was suffered because of RICO violations committed by Defendants Casey and Schuylkill County. Furthermore, Plaintiff has not alleged what act or acts committed by Defendants Casey or Schuylkill County constitute "racketeering activity." *See* 18 U.S.C. § 1961 (providing an exclusive list of offenses that constitute predicate acts of racketeering activity). Although Plaintiff has alleged that a former Schuylkill County Clerk of Court had been criminally charged for misappropriating funds in 2013 and 2014, that person is not a party to this case. Furthermore, Plaintiff had alleged no facts suggesting that Defendants Casey or Schuylkill County have engaged in similar activities and has not explained how he was injured. Therefore, Plaintiff's RICO claim should be dismissed.

    C.    PLAINTIFF'S CLAIM FOR FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT SHOULD BE DISMISSED

In his fourth cause of action—failure to provide a republican form of government—Plaintiff alleges:

> 25.    Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes Defendants to not breach their oaths of offices. Kennedy wishes Defendants not to lie, mislead, misconstrue, misrepresent and/or put false information into either this court of record or the official public record. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic.

26. Defendant Casey signed and sealed a fake Bench Warrant against Kennedy.

27. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

28. The business model of Defendants of County of Schuylkill and Defendant Casey, and Defendant Clerk of Courts, and its financial accounting agents are based on a foundation of deceptions, lies and fraud. Casey lied on the fake bench Warrant, Exhibit 2 attached.

(Doc. 1, ¶¶ 25-28).[2]

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F.App'x 221, 222

---

[2] Plaintiff has raised this issue in other contexts and in other Courts. *See Kennedy v. United States,* 748, F. App'x 335, 335-36 (Fed. Cir. 2019) (dismissing claims for lack of jurisdiction); *Kennedy v. AT&T, Inc.*, No. 18-1317-RGA, 2018 WL 6188786, at *1 (D. Del. Nov. 27, 2018) (dismissing claims for lack of jurisdiction); *Kennedy v. Pennsylvania*, No. 18-3442, 2018 WL 5977968, at *7-8 (E.D. Pa. Nov. 14, 2018) (dismissing claim against IRS for failure to provide a republican form of government due to lack of standing).

(3d Cir. 2007). Dismissal under Rule 8 is appropriate in "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)).

Liberally construing this allegation, it appears that Plaintiff is attempting to sue Defendants alleging that Defendant Casey failed to adhere to a republican form of government when she filed the bench warrant authorized by Judge William E. Baldwin in connection with Plaintiff's 2017 arrest. (Doc. 1, p. 41) (copy of the 2017 bench warrant). Plaintiff fails to explain how this conduct amounts to a violation of his constitutional rights. Accordingly, it is recommended that this claim be dismissed.

### D. PLAINTIFF'S STATE LAW CLAIMS

Plaintiff's remaining state law claims are: trespass on the case; trespass on the case (vicarious liability); intentional infliction of emotional distress; negligence; and privacy violations.

Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy,

convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Id.* at 350. This case is no exception. I find that the new federal claims asserted by Plaintiff in this case have no merit. Plaintiff is already litigating federal claims related to the events that transpired on June 2, 2017, and from August 28-30, 2017 in the Eastern District of Pennsylvania. The interests of judicial economy and fairness compel me to decline to exercise jurisdiction over these remaining state law claims. Therefore, it is recommended that Plaintiff's state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3) without prejudice either bringing these claims in state court, or to pursuing these claims related to the events that took place on June 2, 2017, and August 28, 2017 through August 30, 2017 in his Eastern District Case, *Kennedy v. Hanna*, 5:18-CV-0977 (E.D. Pa. Mar. 23, 2018).

E.  PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Allowing Plaintiff to amend his complaint would be futile and inequitable in this

case. It appears that all claims asserted in Plaintiff's Amended Complaint relate to the events that took place on June 2, 2017 and August 28, 2017, and Plaintiff's incarceration from August 28, 2017 through August 30, 3017. Plaintiff has already filed a lawsuit related to these events, allowing Plaintiff to amend his complaint to pursue duplicative claims related to those pending in the Eastern District would also be futile. Furthermore, the Amended Complaint filed in this action does not include any new claim relating to these events that has any arguable merit. Therefore, I recommend that Plaintiff be denied leave to amend, and that this case be dismissed without prejudice to Plaintiff's pursuit of all claims related to the events of June 2, 2017 and August 28, 2017 through August 30, 2017 in *Kennedy v. Hanna*, 5:18-CV-0977 (E.D. Pa. Mar. 23, 2018).

    IV.    RECOMMENDATION

IT IS RECOMMENDED THAT:

(1) Plaintiff's Complaint (Doc. 1) be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend, and without prejudice to pursuing his claims related to the events that took place on June 2, 2017, August 28, 2017, and his incarceration from August 28, 2017 through August 30, 2017 in his pending case in the Eastern District of Pennsylvania.

(2) The Clerk of Court CLOSE this case.

Date: June 19, 2019                                  BY THE COURT

                                                                    *s/William I. Arbuckle*
                                                                    William I. Arbuckle
                                                                    U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY,  ) | CIVIL ACTION NO. 3:19-CV-0067 |
| Plaintiff ) | |
| ) | (MANNION, D.J.) |
| v. ) | |
| ) | (ARBUCKLE, M.J.) |
| MARIA CASEY, *et al.*, ) | |
| Defendants ) | |

## NOTICE OF RIGHT TO OBJECT

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: June 19, 2019

BY THE COURT
*s/William I. Arbuckle*
William I. Arbuckle